IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STEVEN TODD ROSEBORO,       )
                            )
        Plaintiff,          )
                            )
        v.                  ) CIVIL ACTION NO.:  2:12-CV-361-WHA
                            )              [WO]
PIKE COUNTY SHERIFF         )
RUSSELL THOMAS, *et al.*,    )
                            )
        Defendants.         )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this *pro se* 42 U.S.C. § 1983 action Plaintiff, an inmate incarcerated at the Pike

County Jail, challenges the conditions of his confinement.   Variously, the conditions

complained of include inadequate medical care and staffing, inadequate amounts of food,

insufficient recreational time, a lack of sufficient jail personnel, dirty linens, and peeling

paint on the ceiling, bars, and floors. Plaintiff names Sheriff Russell Thomas and Olivia

Pearson as defendants.  Plaintiff requests damages and injunctive relief.

Defendants filed a written report and supporting evidentiary materials addressing

Plaintiff's claims for relief in which they deny his allegations.   In addition, Defendants

maintain the complaint is due to be dismissed because Plaintiff has failed to properly

exhaust administrative remedies available to him at the Pike County Jail with respect to the

claims presented in this cause of action.  (*Doc. No. 6.*)

Pursuant to the orders entered in this case and governing case law, the court deems

it appropriate to treat Defendants' written report as a motion to dismiss. (*Doc. No. 6; Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'").  The court explained to Plaintiff the proper manner in which to respond to a dispositive motion.  (*Doc. No. 9.*) This case is now pending on Defendants' motion to dismiss. (*Doc. No. 6.*) Upon consideration of motion, the evidentiary materials filed in support thereof, the court concludes that Defendants' motion to dismiss shall be granted and this case dismissed without prejudice as Plaintiff has failed to exhaust an available administrative remedy.

# I.  DISCUSSION

Plaintiff's complaint asserts a challenge to the conditions of his confinement at the Pike County Jail. In response to the complaint, Defendants deny Plaintiff's allegations of constitutional violations and likewise maintain this case is subject to dismissal because Plaintiff has failed to exhaust the administrative remedy provided by the Pike County Jail prior to filing this complaint as required by directives of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Federal law directs this court to treat Defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper

exhaustion.  *Bryant*, 530 F.3d at 1374, 1375 (11th Cir. 2008).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper

3

exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case is undisputed that the Pike County Jail provides a grievance procedure for inmate complaints. (*Doc. No. 6, Exhs.1, 2, D, E.*) This administrative remedy is available to all Pike County Jail inmates, including Plaintiff. (*Id.*) Defendants contend that Plaintiff has never filed any grievance regarding the matters made the subject of his complaint. To support this assertion, Defendants have offered declarations and other record evidence which makes it clear that Plaintiff failed to file any grievance with respect to the actions about which he complains in the instant complaint. Plaintiff does not dispute his failure to exhaust the administrative remedy available at the jail prior to filing this case.

The court is persuaded by Defendants' evidence that the grievance process is available to Plaintiff and that he has failed to avail himself of that process with regard to the allegations made the subject matter of the instant action.  Plaintiff  has provided nothing to refute or explain Defendants' evidence showing he failed to pursue the Pike County Jail's administrative remedy process.  The undersigned, therefore, finds there is no dispute of material fact that Plaintiff failed to exhaust his administrative remedies with respect to his claim of unconstitutional conditions of confinement against Defendants. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").  Accordingly, the court finds that the claims presented in this cause of action are subject to summary dismissal without prejudice as Plaintiff has failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claims. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion to dismiss filed by Defendants (*Doc. No. 6*) be GRANTED to the

extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Pike County Jail.

2.  This case be DISMISSED without prejudice pursuant to the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him at the Pike County Jail.

It is further

ORDERED that on or before **September 1, 2012** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

6

Done, this 17th day of August 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE